T.C. Summary Opinion 2003-132


UNITED STATES TAX COURT


JOSEPH F. LISI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13503-01S.          Filed September 25, 2003.


<u>James J. Lombardi III</u>, for petitioner.

<u>Michael J. Proto</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $770 for the taxable year 1999.

The issues for decision are: (1) Whether petitioner is entitled to a dependency exemption deduction, and (2) whether petitioner is entitled to itemized deductions not claimed on his return.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Coventry, Rhode Island, on the date the petition was filed in this case.

Petitioner and his former wife, Karen A. Lisi (Ms. Lisi), were divorced in 1980. During the year in issue, their son, Joseph Edward Lisi, resided in Massachusetts with Ms. Lisi. During that year, petitioner paid child support for Joseph in the amount of $1,633. Joseph, who turned 21 years of age on July 26, 1999, was enrolled as a full-time student. Joseph earned wages of approximately $10,000 to $11,000 during 1999, which he used for his support.

Petitioner filed a Federal income tax return for 1999. As is relevant here, on this return petitioner claimed a dependency exemption deduction for Joseph; he reported income from gambling of $1,800; and he claimed the standard deduction of $4,300 in lieu of any itemized deductions. In the statutory notice of

deficiency, respondent disallowed the dependency exemption deduction for Joseph.

The first issue for decision is whether petitioner is entitled to a dependency exemption deduction. A deduction generally is allowed under section 151(a) for each dependent of a taxpayer. Sec. 151(a), (c)(1). Subject to exceptions and limitations not relevant here, a child of a taxpayer is a dependent of the taxpayer only if the taxpayer provides over half of the child's support for the taxable year. Sec. 152(a).

It is clear in this case that petitioner did not provide over half of Joseph's support during 1999: Petitioner paid only $1,633 in child support during that year. In addition to any other sources of support, Joseph received at least $10,000 per year from his employment, which he used for his own support. Petitioner therefore is not entitled to a dependency exemption deduction for Joseph in 1999. Id.

Petitioner argues that a separation agreement he entered into with Ms. Lisi prior to their divorce entitles petitioner to the dependency exemption deduction. There is a special rule which applies if a child receives over half of his support during the year from his parents, where (a) the parents are divorced, separated, or live apart from their spouses for at least the last 6 months of the calendar year, and (b) the child is in the custody of one or both parents for more than half of the year.

Sec. 152(e)(1).  Under this rule, the parent with custody of the child for the greater portion of the year (the "custodial parent") generally is treated as having provided over half of the child's support, regardless of which parent actually provided the support.  Id.  One exception to this special rule exists which provides that the noncustodial parent is treated as having provided over half of the child's support.  Sec. 152(e)(2).  For the exception to apply, the custodial parent must sign a written declaration releasing his or her claim to the deduction, and the noncustodial parent must attach the declaration to his or her tax return.  Id.  Assuming that petitioner and Ms. Lisi together provided over half of Joseph's support, petitioner is not treated as having provided over half of Joseph's support during 1999 because no signed written declaration was attached to petitioner's return.  Id.  Furthermore, we note that the special rules of section 152(e) do not apply where a child is emancipated from his parents and is no longer considered to be in the "custody" of either one.  Sec. 152(e)(1)(B); Kaechele v. Commissioner, T.C. Memo. 1992-457.

The second issue for decision is whether petitioner is entitled to itemized deductions not claimed on his return. Petitioner argues that he (1) paid deductible State income taxes of $2,242, (2) paid deductible automobile taxes of approximately $200, (3) had gambling losses of approximately $2,200, deductible

to the extent of his winnings[1] of $1,800, and (4) made deductible cash charitable contributions of $600. Expenses of these types are deductible, if at all, as itemized deductions. Secs. 62(a), 63(d), 165(a), 165(d), 164(a)(1) and (2), 170(a)(1).

A taxpayer must keep records sufficient to establish the amounts of the items required to be shown on his Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. In the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). We cannot estimate a deductible expense, however, unless the taxpayer presents evidence sufficient to provide some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Deductions for charitable contribution are subject to further substantiation requirements. Sec. 170(a)(1). Generally, a deduction for charitable contributions must be substantiated with written records. Sec. 1.170A-13, Income Tax Regs. Deductions for contributions of $250 or more are disallowed in

---

[1]Under sec. 165(d), a taxpayer's losses from gambling are deductible only to the extent of the taxpayer's gains from gambling.

the absence of a contemporaneous written acknowledgment of the contribution by the donee.  Sec. 170(f)(8); sec. 1.170A-13(f), Income Tax Regs.

Petitioner provided substantiation for his payment of State income taxes by the Form W-2, Wage and Tax Statement, which was attached to his 1999 return and which reflects State income tax withholding in the relevant amount.  Petitioner, however, failed to provide substantiating documents for any of the other itemized deductions, including the claimed cash charitable contributions. Although petitioner's testimony at trial provided little detail concerning these contributions, he did state that he paid approximately $300 to each of two charities--his church and the Salvation Army.  These contributions are allowable only in the presence of the required written records.  Sec. 170(a)(1), (f)(8); sec. 1.170A-13, Income Tax Regs.  Because petitioner has provided no such records, we conclude that he has not met the substantiation requirements for the claimed charitable contributions and that he is not entitled to any deduction therefor.  The amount of the remaining claimed deductions for gambling losses and automobile taxes, together with the substantiated State income tax payment, totals $4,242.  Because the standard deduction of $4,300 exceeds this amount, even if the remaining claimed deductions were substantiated, the itemized deductions would be of no benefit to petitioner.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.